PER CURIAM.
Matthew Earle initiated this action when the State refused to “dismiss with prejudice the criminal information filed ... on November 14, 2000” pursuant to a written plea agreement entered into by both parties and fully performed by Earle. The State argues that by filing an amended information that omitted the crime charged in the earlier information, the amended information operated as a nolle prosequi of the earlier charges. Thus, the State asserts dismissal of the original information is unnecessary.
The effect of the State’s amended information was the subject of much discussion at oral argument in this appeal, but nothing argued changes the fact that the State has defaulted on its obligation under the plea agreement thereby denying Earle the benefit of his bargain. See Hunt v. State, 613 So.2d 893, 898 (Fla.1992).
We hope that the State will honor its obligation to dismiss the charge as bargained for by the parties. This will eliminate the necessity of having the trial court entertain this matter again upon remand, as well as eliminate further costs to Earle. If the State’s obstinance continues by the time this matter reaches the trial court on remand, we instruct the trial court to grant the remedy requested by Earle.
We vacate the order denying relief and remand to the trial court with instructions to grant relief to Earle in accordance with the original plea agreement.
HARRIS, PETERSON and ORFINGER, R.B., JJ., concur.